J. H. CONNALLY, administrator, plaintiff in error, vs. NICH-
OLAS CRUGER et al., defendants in error.

When A sold to B a parcel of land, taking B's note for the purchase-
money, and giving him a bond for titles when the notes were paid, and
B, with the consent of his wife, paid one of the notes with money
belonging to her separate estate, of which he was trustee, and A
brought suit on the other notes, with intent to get judgment, file a
deed, and sell the land, under 3604th section of the Code, and a bill
was filed by the trustee for the children of the wife, she having died,
setting up these facts, alleging that the land will not pay the balance
due, and claiming that the trust money invested in the land should be
first paid, and praying an injunction to restrain A from taking judg-
ment on his notes till the rights of the parties should be settled by a
decree, and A answered the bill, denying any knowledge, on his part,
of the trust, or any notice that the money paid was trust money: *Held*,
that it was not error in the Court below to dissolve the injunction on
the coming in of the answer.

Trust Estates.    Before Judge GREEN.    Spalding Superior
Court.    August Term, 1869.

Connally, as administrator of Martha C. Crawford, filed
a bill against Robert A. Crawford, her husband, and Cru-
ger, making the following averments: On the 29th of March,
1860, said intestate was a *feme sole*, owning slaves, and
$7,000 00 in cash and choses in action, and, in contempla-
tion of marriage with Crawford, contracted with him to hold
said property, and its issues and profits, as hers, free from
his debts or contracts, subject to be sold by her written con-
sent, and disposed of by her by will, with remainder to her chil-
dren after her death.    They afterwards married.    Crawford
took said property as such trustee, and managed and con-
trolled it for her.    On the 23d of September, 1865, Crawford
bought from Cruger the "Sims place," near Griffin, Georgia,
at $7,500 00, on credit; $2,000 00 was to be paid at sixty
days, $2,750 00 was to be paid one year after date, and the
balance at two years after date.    Crawford gave Cruger his
notes accordingly, and Cruger gave him a bond conditioned
to convey said land to Crawford, individually, when said
notes were paid.    On the 1st of October, 1865, Crawford

paid Cruger $1,500 00 on said first note. In 1866, Crawford spent $1,000 00 in improving said place. In 1867, Mrs. Crawford died, leaving two children. Afterwards Cruger sued Crawford on said notes, is about to get judgment, and will file a deed to Crawford, and sell said property. It will not bring sufficient, certainly not more than sufficient, to pay said notes. Crawford is insolvent. The $1,500 00 paid to Cruger was of Mrs. Crawford's trust funds, and Cruger knew it when he received it. The $1,000 00 was also of her trust funds. Crawford is combining with Cruger to defraud the trust estate by allowing the property to be sold as aforesaid. The prayer was, that the suit against Crawford be enjoined, that he and Cruger be enjoined from changing their present *status* in the premises, and that out of a sale of said property, or by decree against Cruger, said trust funds be repaid to complainant.

The Chancellor granted a temporary injunction, and ordered the defendants to show cause why the injunction should not continue. Cruger answered. He denied any knowledge of anything charged touching such trust estate, saying he knew not that there was any such trust estate in Crawford. He said the "Sims place" was counted at but $5,000 00 in the trade, and that the balance of $2,500 00 was for a carriage and horses, and various other personal property. It was agreed that Crawford should have no title to the personalty till he paid for it; Crawford, however, soon sold the personalty to innocent purchasers without notice of this private understanding; and from the dates of the sale and of the payment, Cruger believed that the $1,500 00 was part of the proceeds of said personalty. He denied that Crawford had improved the place, as charged, and said if he had, it would not counterbalance the wear and tear during the four years of his occupancy of the premises. So far from combining with him, he charged that Crawford had combined with complainant to cheat him, Cruger, said he was willing to give up Crawford's notes, and take back the place, that he was solvent, and ready to give security for any decree which complainant should get against him.

At the hearing, Cruger's solicitors produced affidavits to show that Cruger's answer as to Crawford's improvement of the property was true. Complainant's solicitors read an affidavit by Crawford, stating that at the date of the trade he told Cruger that he was trading to please his wife, and at her instance, because she desired to be near her friends and relatives, and that he wished the sixty day credit in order to sell his wife's lot in Atlanta, to raise money to make that payment; that he told Cruger of his wife's separate estate, and did pay said $1,500 00 out of the proceeds of the Atlanta lot.

Upon these facts the Chancellor refused to continue the injunction, and this refusal is assigned as error.

BOYNTON & DISMUKE, for plaintiff in error, as to following trust funds, cited: Irw. Code, sec. 2307; Hill on Trustees, 95, 165; 10th Vesey, 517; 14th Ga. R., 343; 19th, 66; 18th, 513; 1 Ga. Decis., 109; Story's Eq. Juris., sec. 1258.

SPEER & BECK, for defendants, replied, Cruger had no notice of the trust: Hill on Tr., 512; 14 Eng. Ch. R., 421; the consent of the *cestui que trust* protects him: 11 Vesey, 319; Hill on Tr., 522, 523; besides this was a matter for the discretion of the Chancellor, etc.

McCAY, J.

The dissolution of an injunction on the coming in of the answer, as this Court has uniformly held, is a matter resting in the sound discretion of the Circuit Judge, and his judgment will not be interfered with unless he has acted under a mistake of the law, or has abused the discretion which the Code gives him in such matters.

If the complainant has any equity at all it is dependant on the fact that Cruger took this money from Crawford, knowing, or having reason to know, that it was money belonging to the trust estate, of which Crawford was trustee. This, Cruger, in his answer, positively denies, and adds that

he did not even know there was any such trust estate. It is true the complainants filed an affidavit of Crawford in contradiction of the answer upon this point, but the answer of Cruger is in direct response to the material charges in the bill on this very matter, and by the Code, section 3050, is entitled to more weight than the affidavit of one witness, and even if it was but one witness against another, the Court below having given the most weight to Cruger, we should not feel called upon, under the well settled rule, to interfere. But even if the fact of notice to Cruger was established, Crawford expressly states in his affidavit that Mrs. Crawford consented to this use of the money. Under the deed of trust she had full power to do this. If this use of the money was with her consent, we see nothing in the facts to give her any right in this land except in subordination to the rights of Cruger. He sold this land to Crawford expressly on condition that the title should remain in him until the money was paid. What right has Mrs. Crawford, or her children, to interlope into this arrangement against Cruger's consent, and get a priority as against him? They may pay Cruger, and compel him to make a title, or if a contest were to arise between them, and Crawford, or them and Crawford's creditors, they might make some show of equity. As against Cruger, however, we do not see that they have any priority. He has sold his land, expressly reserving to himself the very rights he is now seeking to set up, and there is nothing in the facts stated by the bill and answer which changes those rights.

Judgment affirmed.